MATHILDA SCOTT, Appellant, *v.* FRANCISCO RODRIGUEZ, Respondent.

Supreme Court, Appellate Term, First Department, June 28, 1962.

*Jacob E. Heller* for appellant. *Englander & Englander* (*Herman Englander* of counsel), for respondent.

*Per Curiam.* The proof establishes clearly that the apartment was rented to the plaintiff by the sister of the defendant, the

owner of the premises, on his behalf.. She received the rent as his agent and deposited it in his bank account, over which she held a power of attorney. When the defendant departed to. Puerto Rico he left her in charge of the property and she managed it as his agent. The rental to the plaintiff was pursuant to and within the scope of the authority lodged in her by the defendant. The defendant may not retain the fruits of the transaction without incurring its concomitant obligation, liability for the rent overcharge. The credible proof not only does not establish the defendant's asserted claim that the rental was made by or on behalf of his mother, but the conduct of the parties and the way in which the transaction was handled throughout negate it. In the circumstances, it was error not to grant judgment to the plaintiff. Since, however, the defendant is not shown personally to have participated in the rental or to have had personal knowledge of the overcharge, his liability should be limited to the actual amount of the overcharge, with interest, from November 25, 1960, the date of the order establishing the maximum rent. An attorney's fee of $450 is allowed the plaintiff, which includes the services on the appeal.

The judgment should be reversed, with costs, and judgment directed for plaintiff for $1,045, with interest from November 25, 1960, together with an attorney's fee of $450 and costs in the court below.

Concur — HOFSTADTER, J. P., HECHT and TILZER, JJ.

Judgment reversed, etc.